ROBERTS, Justice.
This appeal is concerned with the interpretation of the last will and testament of Adolph J. Marschall, deceased. The sole issue here is whether the probate judge and the appellate circuit court properly interpreted the will as requiring that a legacy of one-third of the estate to his widow be computed on the gross estate before deduction of the federal estate tax. The appellants are the son and daughter of the testator by a previous marriage and are the residuary legatees under the will.
Mr. Marschall’s will disposed of his estate in nine paragraphs, labelled “items”, Items I and II reading as follows:
“Item I.
“I hereby direct my Executor to pay all of my debts, funeral expenses and costs of administration of my estate. I further direct that all death, inheritance, transfer, estate, succession and similar taxes, federal, state or otherwise of every kind and character, shall be paid out of the residue of my testamentary estate and deducted as an expense of administration thereof, my intention being that all such taxes levied upon every form of transfer of mine, whether testamentary or non-testamentary shall be charged out of the residue of my testamentary estate.
“Item II.
“In the event my contemplated marriage to my fiancee, Margaret M. Meade, is consummated, then and in that event I hereby give, devise and bequeath to her one-third of my Estate; this is in accordance with an Ante-nuptial Agreement which has been or will be entered into by and between Adolph J. Marschall and Margaret M. Meade. This bequest to be effective only if she survives me as my widow.”
In Items III through VII, specific cash bequests were made to various persons. Item VIII provided that such specific cash *186 bequests should not exceed 10 percent of the “net estate” passing to his son and daughter under the residuary clause. Item IX devised and bequeathed the rest, residue and remainder of his estate to his son and daughter, the appellants here.
Under the terms of the antenuptial agreement referred to in the will, Miss Meade was to receive “one-third (16) of all of the property, real and personal of the estate of the said Adolph J. Marschall at the time of his decease” if she was married to him at the time of his death.
It is the contention of the appellants that, since the testator expressly stated in Item I of his will that the estate taxes should be “deducted as an expense of administration” of his estate, the rule of Wells v. Menn, 158 Fla. 228, 28 So.2d 881, 884, 169 A.L.R. 892, applies and requires the computation of the widow’s legacy upon the net estate after deduction of the estate tax. In the Wells case this court held that a provision in the will that “all my just debts shall be paid as soon after death as practical” evidenced an intention that “all debts, taxes, and other charges be paid from the gross estate.” (Emphasis added.) And we adopted the rule that “when a testator devises ten per cent of his estate, or any fractional part thereof, to a named beneficiary it has reference to ten per cent of the net or distributable part of the estate.” But here the testator expressly stated that his intention was to charge the residue of his estate with all taxes. This being so, we agree with the statement ade by the circuit judge in his order of affirmance, as follows:
“It seems evident that if estate taxes are calculated and deducted prior to calculation of the devised one-third part, then the one-third part will have borne its one-third part of such taxes, a consequence which it must be assumed the testator recognized. Thus, to use the after taxes net estate as the base for calculation of the one-third part devised to the widow does violence to the intention of the testator, expressed in emphatic terms, that the residuum should bear such estate taxes. Such provision imperatively requires that the widow’s one-third part be calculated before deduction of estate taxes.”
No error having been made to appear, the order appealed from should be and it is hereby
Affirmed.
TERRELL, C. J., and THOMAS, ROBERTS and O’CONNELL, JJ., concur.