OWEN, Chief Judge.
In this probate case, an order was entered apportioning estate taxes pursuant to Section 734.041(1), F.S., from which order two of the affected residuary legatees appeal.
The decedent, Pearl J. Miller, died on September 19, 1968, leaving a probate estate of approximately $445,000.00 in personal property. Her will provides in part as follows:
“SECOND
“A. I give and bequeath unto the FIRST UNITARIAN CHURCH of Orlando, Florida, One Hundred (100) shares of stock which I own in Standard Brands, to be sold by it and the proceeds applied to reduce the debt on said church.
“B. I give, devise and bequeath unto IRENE LESTER MILLER, one-half (14) of my estate as the same shall be valued for purposes of inventory and ap-praisement, said bequest not to be reduced by debts, claims or taxes of my estate. The said IRENE LESTER MILLER may select such assets as she may desire from my estate in satisfaction of this bequest. In the event she shall not survive me, this bequest with the same right of selection shall go to her brother, GEORGE STILLER LESTER, or his issue, per stirpes.”
*139 “THIRD
“All the rest, residue and remainder of my estate and property, I give, devise and bequeath as follows:
“(1) One-fourth (44) thereof unto MAJORIE HALL MONTGOMERY, if living, and if not, unto BERNICE HALL GLASS, or her issue, per stirpes.
“(2) One-fourth (44) thereof unto BERNICE HALL GLASS, or her issue, per stirpes.
“(3) One-half (44) thereof unto BUTLER UNIVERSITY, Indianapolis, Indiana, to be used as a revolving student loan fund with interest to be charged in the discretion of said University after such student graduates or terminates his status as a student at Butler.”
The executor filed its petition for apportionment of the estate taxes under Section 734.041(1), F.S. which provides, in pertinent part, as follows:
“(a) If any portion of the estate passed under the will of a decedent as a specific bequest or devise, or general legacy, or in any other nonresiduary form * * * the net amount of the tax attributable thereto shall, except as otherwise directed by the will, be charged to and paid from the residuary estate of the testator without requiring contribution from persons receiving such interests.
******
“(b) If any portion of the estate passed under the will of the decedent as a residuary interest * * * the net amount of the tax attributable thereto shall, except as otherwise directed by the decedent’s will, be equitably apportioned among the residuary beneficiaries in the proportions that the value of the residuary interest of- each included in the measure of such tax bears to the total of all residuary interests so included;” * * *
(Emphasis Supplied.)
The issue at trial was whether the bequest to Irene Lester Miller contained in Article Second B was a nonresiduary bequest (and therefore to be treated in the manner provided in Section 734.041(1) (a), F.S.), or whether it was a residuary bequest (and therefore to be treated in the manner provided in Section 734.041(1) (b), F.S.)..[1] The court determined that Article Second B was a residuary bequest. This was error.
The cardinal rule in testamentary construction is that the testator’s intention, if ascertainable, must prevail and be carried into effect. It is manifest from the face of the instrument in the instant case that the intention of the testatrix as expressed in Article Second B was to provide a general legacy to Irene Lester Miller in an amount equal to one-half of the gross estate as the same was valued for purposes of inventory and appraisement. It is also manifest that the only intended residuary bequest, introduced by the traditional words “all the rest, residue and remainder of my estate . . .”, is Article Third.
The trial court initially fell into error in eschewing this manifest intent in favor of a rule of testamentary construction — that announced in the case of Wells v. Menn, 1947, 158 Fla. 228, 28 So.2d 881 —then having done so, the court further erred in its construction and application of *140 that rule. The crux of this latter error lies in the court’s misapprehension of the meaning of the term “residuary legacy”. The court properly recognized that a residuary legacy is “a general legacy wherein fall all the assets of the estate after all other legacies have been satisfied, and all charges, debts, and costs have been paid,” Park Lake Presbyterian Church v. Henry’s Estate, Fla.App.1958, 106 So.2d 215, 217. But then, it erroneously concluded that “a residuary bequest is a net or distributable portion of the estate”. Herein lies the fault as we shall see. Residuary estate and net or distributable estate are not necessarily (and rar.ely would be) synonymous. The net or distributable estate is simply the gross estate less charges, debts, and costs, while, as defined above, the residuary estate is the gross estate less all charges, debts, costs, and all other legacies.
Erroneously equating residuary bequest with net or distributable portion of the estate led the court to construe the case of Wells v. Menn, supra, as mandating that the fractional or percent bequest of Article Second B be construed as a residuary bequest. In the Wells case, the court announced the following rule of construction:
“That when a testator devises [a] percent of his estate . . . to a named beneficiary it has reference to [that] percent of the net or distributable part of the estate.”
It is apparent that the trial court reasoned thusly: Article Second B was a fractional bequest; under the Wells case a fractional bequest has reference to the net or distributable part of the estate; the term net or distributable part of the estate is synonymous with residuary, therefore Article Second B must be a residuary bequest. The conclusion is faulty since the premise emphasized is not true.
In Wells, the issue was whether Roe Wells, Jr. should take ten percent of the gross estate or whether he should take ten percent of the net or distributable estate, after the payment of debts, taxes and expenses of administration. 28 So.2d 881, at 884. The court did not mention nor was it concerned with the term residuary estate. The Wells case is the leading case in an annotation appearing at 169 A.L.R. 903 dealing with the question of the base to be used for the determination of the amount of the bequest of a specified percent, fractional part or proportion of the testator’s estate. There, the distinction between residuary and net estate is clearly recognized. The cases there annotated are divided into two categories: those that consider whether the fractional bequest was a proportion of the net estate, and those that consider whether the fractional bequest was a proportion of the residuary estate. It should be noted that a discussion of the Wells case and the other cases upon which the lower court relied are in the first category of cases.
Not only did the lower court improperly equate residuary estate with net or distributable estate, but having done so it also misconstrued the holding and effect of the Wells case and the import of the rule therein announced. In the Wells case, the court in making its determination that the bequest to Roe Wells, Jr. should be computed on the net estate, found it unnecessary to resort to any statutes or case law, as it found that this result was clearly what the testatrix had intended. Thus, above all, Wells affirms the cardinal principle that the testator’s intent governs. Only in the absence of a clear showing of testamentary intent should the rule that a fractional bequest has reference to the net or distributable estate be invoked. See, 57 Am.Jur., Wills, § 1124. The rule announced in the Wells case is not, and was never intended to be, an absolute rule, but one only to aid in construction when the testator’s intent is not apparent. The Supreme Court confirmed this construction of Wells by its decision in the case of In re Marshall’s Estate, Fla.1957, 92 So.2d 185, wherein the court held that the Wells rule did not compel that a fractional bequest be computed upon the net estate when the tes *141 tator had clearly evinced a contrary intention — that it be computed upon the gross estate.
The order appealed is reversed and this cause remanded for further proceedings consistent herewith.
Reversed.
CROSS and DOWNEY, JJ., concur.

. The trial court and the parties were in accord that the effect of such determination would be as follows: if the bequest in Article Second B were nonresiduary, Subsection (a) would govern with the consequence that Butler University would share the tax burden, as the tax on that bequest would be paid “from the residuary estate”; if, on the other hand, Article Second B were determined to be residuary, Subsection (b) would govern with the result that the tax burden as to that gift would be shouldered by each residuary beneficiary proportionate to the extent that each is “included in the measure of such tax”, and, thus, Butler University, a charitable institution, whose gift is exempt from tax, would be excused from sharing the tax burden on that bequest.